IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>                               )<br>            Plaintiff,         )<br>                               )<br>     vs.                       )<br>                               )<br>DARRELL WILLIAMS,              )<br>                               )<br>            Defendant.         )  | Case No. 8:07CR442<br><br>ORDER |

    This case is before the court on the defendant's Motion for a Bill of Particulars (#18). The defendant is charged in Count I of the indictment with conspiracy with intent to distribute cocaine from an unknown date but at least as early as September 16, 2007, up to and including September 17, 2007; and in Count II, with a September 17, 2007 possession with intent to distribute more than 500 grams of a mixture of substance containing a detectable amount of cocaine.

    In his motion the defendant states that he is unable to reasonably ascertain from the face of the indictment the nature of the case against him and requests a bill of particulars setting out "(1) whether the government is charging the defendant as a principal in regard to the commission of a crime, or (2) whether the government is charging the defendant with aiding and abetting the commission of a crime." The motion was heard in the presence of the defendant and counsel on March 17, 2008 at which time the court took the motion under advisement. The motion is denied.

    The indictment in this case is sufficient both to inform the defendant of the nature of the charges against him and to prevent any prejudicial surprise at trial. Given the charges, the defendant is not entitled to a bill of particulars disclosing the circumstances of the conspiracy, the basis for the allegations, or the acts the government must prove at trial. Additionally, the indictment sets forth the crimes charged in a form with sufficient particularity to avoid any due process issues.

    A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial. Moreover, conspiracy cases are not to be regarded as other cases in terms of ordering a bill of particulars because it is difficult to

prove exactly when a conspiracy was formed, the exact role that an individual played, or to pinpoint exactly when and where every action involved in the conspiracy was performed or occurred.  As stated in *Sawyer v. United States*, 89 F.2d 139, 140 (8th Cir. 1937), in a conspiracy case the government need not provide a detailed bill of particulars stating,

> Obviously for the most part it was not possible for the government to furnish the particulars requested, and the demand for them was vain, idol, and frivolous.  For example, how could the government know or prove precisely when or where and by whom the conspiracy was performed, or when, where, and by whom every given act in carrying it out was had or done?  The government cannot be required by a motion for a bill of particulars to do impossible things.

**IT IS ORDERED:**

1. The defendant's motion for a bill of particulars (#18) is denied.

2. Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order ***is clearly erroneous or contrary to law***. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.  *See* NECrimR 57.2(d).

**DATED March 19, 2008.**

>                    **BY THE COURT:**
>
>                    **s/ F.A. Gossett**
>                    **United States Magistrate Judge**